IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JILL A. BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | 1:09CV0089 |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Jill A. Black, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). This matter is before the Court upon the motion by Michael J. Astrue, Commissioner of Social Security (the "Commissioner"), for entry of judgment pursuant to sentence four of 42 U.S.C. § 405(g)[1] reversing the Commissioner's decision with a remand of the case for further proceedings. (Docket No. 9.) The Commissioner also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Plaintiff, who is proceeding *pro se*, filed a letter and "Mini Brief" after the

---

[1] Sentence four of 42 U.S.C. § 405(g) gives the Court the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Commissioner filed his motion. (See Docket No. 11.) Nevertheless, Plaintiff did not respond specifically to the Commissioner's motion or otherwise contest the relief sought. (*See id.*) Accordingly, the Court will consider and decide the motion as uncontested under Local Rule 7.1.

The Commissioner requests remand to the Appeals Council for further administrative proceedings to correct an apparent error by the Appeals Council.[2] The Commissioner states that in its notice denying Plaintiff's request for review, the Appeals Council erroneously described the administrative law judge's ("ALJ") action as a decision, when in fact, the ALJ dismissed Plaintiff's claim on grounds of res judicata. (Docket No. 10, Mem. in Supp. of Mot. for Remand Under Sentence Four of 42 U.S.C. § 405(g), at 1-2.) Having erroneously described the ALJ's action as a decision, the Appeals Council further informed Plaintiff that she was entitled to seek review of the ALJ's action by filing a civil action in this Court. (*Id.*)

According to the Commissioner, following the dismissal of Plaintiff's claim in the case before this Court, Plaintiff filed a new application for disability benefits, which was denied after an administrative hearing and which is now pending before the Appeals Council. The Commissioner avers that upon remand of this case, the Appeals Council will consolidate the two claims, issue a corrected notice of action denying Plaintiff's request for review in the present case and notify Plaintiff of its

---

[2] The Court does not have the administrative record.

decision on the subsequent claim. (Docket No. 10 at 2.) As noted earlier, the Commissioner's motion is uncontested under Local Rule 7.1.

IT IS THEREFORE RECOMMENDED that the Commissioner's motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) (Docket No. 9) be GRANTED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the Appeals Council to consolidate Plaintiff's two claims, issue a corrected notice of action denying Plaintiff's request for review in the present case and notify Plaintiff of its decision on her subsequent claim. The Commissioner's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) should be DENIED as moot.

                                                                     _____
                                                                     WALLACE W. DIXON
                                                                     United States Magistrate Judge

February 3, 2010